UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VIDIEK RODRIGUEZ,

      Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
U.S. ATTORNEY GENERAL,

      Respondents,

Case No. 2:26-cv-1912-KCD-NPM

_____/

## ORDER

Petitioner Vidiek Rodriguez is a Cuban citizen with a final order of removal that followed several criminal convictions. (Doc. 7 at 2.) Immigration and Customs Enforcement ("ICE") apparently could not deport him at the time, so he was released on an order of supervision. After spending years living in the community under supervision, Rodriguez was returned to immigration custody on February 2, 2026. He now seeks a writ of habeas corpus under 28 U.S.C. § 2241, asking this Court to order his immediate release. (Doc. 1.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

### I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). "At its

historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

Invoking the Fifth Amendment, Rodriguez first claims that he has been detained beyond the bounds of what substantive due process allows. (Doc. 1 at 7.) The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is

presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

ICE took Rodriguez into custody on February 2, 2026. Because he has been detained for less than six months, he remains within the window in which his detention is presumptively reasonable. Seemingly recognizing this, the habeas petition jumps to the burden-shifting framework, arguing that his removal is not likely. (Doc. 1 at 7.) But that argument puts the cart before the horse. Until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any due process claim is not ripe. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at

3

*4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Rodriguez also raises several procedural arguments. First, he claims ICE failed to provide him notice or a hearing before ending his supervised release. (*Id.* at 7.) But the law "does not mandate a pre-deprivation process" here. *Delgado De Armas v. Warden of Fla. Soft Side S. Facility*, No. 2:26-CV-792-KCD-DNF, 2026 WL 1506096, at *5 (M.D. Fla. May 29, 2026). "It allows the agency to revoke a release order and detain an individual based on changed circumstances without first convening a panel or holding a hearing." *Id.*

Similarly, he claims ICE had no basis to revoke his supervision. But he was picked up while sitting in jail on state charges. The regulations "gives the agency two reasons to revoke an order of supervision: either the noncitizen violated the conditions of his release, or the Government is ready to effectuate his removal." *Tran v. Warden, Fla. Soft Side S. Det. Ctr.*, Case No. 2:25-cv-1224-KCD-NPM, 2026 WL 672969, at *9 (M.D. Fla. Mar. 10, 2026). Either applies here.

Finally, Rodriguez accuses ICE of failing to provide the mandatory custody redetermination. (Doc. 1 at 8.) Even if true at the time the petition was filed, the custody review has since happened. (*See* Doc. 7 at 13, Doc. 7-10.) The Court declines to provide habeas relief based on a procedural violation that has been remedied.

4

### III. Conclusion

Rodriguez has not been detained long enough to transform his authorized custody into a substantive due process violation under Zadvydas. And his remaining arguments—whether grounded in administrative technicalities or the like—do not warrant habeas relief. The Government is actively working to execute his removal, and it has cleared the necessary regulatory hurdles to keep him in custody while it does so. Because Rodriguez has not shown his detention is unlawful, his petition (Doc. 1) must be **DENIED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions, and close the case.

**ORDERED** in Fort Myers, Florida on July 2, 2026.


Kyle C. Dudek
United States District Judge